NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

ALICIA GENE DWYER, *Appellant*.

No. 1 CA-CR 15-0141
FILED 3-10-2016

---

Appeal from the Superior Court in Maricopa County
No.  CR2013-102232-001
The Honorable Charles Donofrio III, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kathryn L. Petroff
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Peter B. Swann joined.

**J O N E S**, Judge:

**¶1**        Alicia Dwyer appeals her convictions and sentences for two counts of aggravated driving under the influence (DUI) and one count each of aggravated assault and resisting arrest.  After searching the entire record, Dwyer's defense counsel has identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error.  Dwyer filed a supplemental brief *in propria persona*.  After reviewing the record, we find no error.  Accordingly, Dwyer's convictions and sentences are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**        At 12:34 a.m. on January 12, 2013, a uniformed officer with the Phoenix Police Department observed a vehicle traveling north on 32nd Street at a high rate of speed.  The officer observed the vehicle straddle the lane marker, swerve abruptly to avoid striking a slower-moving vehicle, and appear to hit a curb.  The officer visually estimated the vehicle's speed at over one hundred miles per hour.  The vehicle did not immediately stop when the officer activated the lights and siren on his motorcycle but eventually pulled into a residential driveway.

**¶3**        As the officer walked up to the vehicle, the engine revved, and a woman later identified as Dwyer exited from the driver's side and began moving quickly toward the officer.  Dwyer collided with the officer, fell down, and crawled back into the driver's side of the vehicle.  With her feet protruding through the open door, Dwyer began honking the horn with her elbow, cursing, yelling for her mom and boyfriend, and reaching for

---

[1]        "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404, n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

something with her right hand. The officer advised Dwyer she was under arrest and attempted to pull her out by her legs. From that position, Dwyer kicked the officer and maintained her grip on the inside of the vehicle. With the assistance of a second officer, Dwyer was finally removed.

¶4 Dwyer was placed in handcuffs, and the officers observed her to have red watery eyes and slurred speech; she also smelled of alcohol. The officer was unable to administer standard field sobriety tests because Dwyer was combative, and she would not cooperate with a blood draw, even after a warrant was obtained.

¶5 Dwyer's blood was ultimately drawn successfully on the second attempt. Subsequent testing indicated her blood alcohol concentration (BAC) was 0.222 at the time of the draw at around 2:40 a.m. A forensic scientist performed a retrograde extrapolation and testified Dwyer's BAC would have been between 0.211 and 0.234 within two hours of when she was observed driving the vehicle. At trial, a representative from the Motor Vehicle Department (MVD) testified Dwyer's privilege to drive in Arizona had been suspended and revoked at the time of the incident and that MVD records reflected Dwyer was notified three times of the actions taken against her driver's license.

¶6 At the close of the State's evidence, Dwyer's counsel made an unsuccessful motion for judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20. Dwyer's mother, Mary Jane, testified on Dwyer's behalf, reporting that she was eating ice cream in the kitchen of her home when she saw Dwyer sitting in the passenger seat of the vehicle in the driveway and talking on her cell phone. Then, three marked law enforcement vehicles arrived. Mary Jane testified she saw two police officers rush up to the vehicle, pull Dwyer out of the passenger seat by her hair, and drag her down the driveway. According to Mary Jane, the officers then threw Dwyer facedown into the rock landscaping where they proceeded to punch and kick her for approximately eight minutes.

¶7 Mary Jane also reported that the driver's side door of Dwyer's vehicle was "jammed shut" and could not be opened from either the inside or outside; therefore, a person could only enter and exit the vehicle through the passenger side door. When confronted with photographs of the vehicle, taken immediately following Dwyer's arrest, depicting the driver's side door open, Mary Jane testified she had "no idea" how the driver's side door had been opened. Dwyer did not testify.

**¶8**        The jury found Dwyer guilty as charged.  Dwyer voluntarily admitted to one prior historical felony and that she was on felony probation at the time of the offense.  Dwyer was sentenced as a non-dangerous, repetitive offender to concurrent presumptive terms of imprisonment of 4.5 years for each aggravated DUI, 2.25 years for aggravated assault, and 1.75 years for resisting arrest.  She was also credited with fifty-one days of presentence incarceration.  Dwyer timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1),[2] 13-4031, and -4033(A)(1).

## DISCUSSION

**¶9**        In her supplemental brief, Dwyer does not challenge her convictions for DUI and resisting arrest.  Instead, she argues insufficient evidence was presented to support her conviction of aggravated assault upon the arresting officer because, she asserts, the evidence consisted only of hearsay statements from the officers.  "Hearsay is defined as an out-of-court statement offered to prove the truth of the matter asserted." *State v. Vasquez*, 233 Ariz. 302, 306, ¶ 11 (App. 2013) (citing Ariz. R. Evid. 801(c); *State v. Roque*, 213 Ariz. 193, 214, ¶ 70 (2006); and *State v. Bass*, 198 Ariz. 571, 577, ¶ 20 (2000)).  The officers' in-court statements regarding their recollection of the events they personally witnessed are not hearsay.  *See Aranda v. Cardenas*, 215 Ariz. 210, 219, ¶ 34 (App. 2007) (explaining that a witness's statements based upon personal knowledge and made in court are not hearsay) (citing Ariz. R. Evid. 602, 801(c)).  And, these statements are relevant to Dwyer's guilt and are therefore admissible.  *See* Ariz. R. Evid. 401 (stating evidence is relevant if it tends "to make a fact more or less probable than it would be without the evidence; and . . . is of consequence in determining the action"), 402 (stating relevant evidence is generally admissible).  That the jury apparently believed the officers' testimony rather than Dwyer's mother's is a province which we will not invade on appeal. *See State v. Bernstein*, 237 Ariz. 226, 230, ¶ 18 (2015) ("[I]t is the jury's exclusive province to assess the weight and credibility of evidence.") (citing *State v. Clemons*, 110 Ariz. 555, 556-57 (1974)).

**¶10**        Dwyer also argues the officer lacked probable cause to initiate a traffic stop.  This contention is without merit.  First, "an officer needs only reasonable suspicion that a traffic violation has occurred to initiate a stop." *State v. Sweeney*, 224 Ariz. 107, 112, ¶ 16 (App. 2010) (citing *Arizona v. Johnson*, 555 U.S. 323, 326 (2009)).  Second, the officer testified he observed

---

[2]        Absent material changes from the relevant date, we cite a statute's current version.

Dwyer driving over one hundred miles per hour on a surface street, straddling the lane marker, possibly striking a curb, and swerving to avoid collision with another vehicle. Each of these observations provided the officer with reasonable suspicion that Dwyer had committed a traffic violation and justified a stop of Dwyer's vehicle. *See* A.R.S. §§ 28-693(A) (prohibiting a person from operating a motor vehicle "in reckless disregard for the safety of persons or property"), -695(A)(2) (prohibiting a person from driving in a manner that poses "an immediate hazard to another person or vehicle"), -701 (prohibiting operating a vehicle at a speed greater than is reasonable and prudent), -729(1) (requiring a person to "drive a vehicle as nearly as practicable entirely within a single lane").

**¶11** Furthermore, it is not clear that the arrest arose from a traffic stop. Dwyer did not pull over when the officer activated his lights and siren. Based upon the officer's own observations, he had probable cause to believe Dwyer violated A.R.S. §§ 28-622 (failure to comply with a police officer) and -622.01 (unlawful flight from a pursuing law enforcement vehicle), and separately justified Dwyer's arrest once she arrived home. *See* A.R.S. § 13-3883(A)(1) ("A peace officer, without a warrant, may arrest a person if the officer has probable cause to believe . . . [a] felony has been committed and probable cause to believe the person to be arrested has committed the felony.").

**¶12** Finally, Dwyer argues her counsel failed to introduce photographs and testimony that would have established reasonable doubt as to her guilt of aggravated assault. A claim for ineffective assistance of counsel may only be raised through a petition for post-conviction relief. *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002) ("[I]neffective assistance of counsel claims are to be brought in Rule 32 proceedings . . . [and] will not be addressed by appellate courts regardless of merit."). We therefore express no opinion as to this contention.

**¶13** Further review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). A person is guilty of aggravated DUI if the person "[c]ommits a violation of [A.R.S.] § 28-1381, [A.R.S.] § 28-1382 or [A.R.S. § 28-1383] while the person's driver license or privilege to drive is suspended, canceled, revoked or refused . . . as a result of [a prior DUI]."[3]

---

[3] Dwyer was charged with and convicted of two violations of A.R.S. § 28-1383(A)(1): one for violating A.R.S. § 28-1381(A)(1) — driving "while under the influence of liquor . . . [and] impaired to the slightest degree" —

A.R.S. § 28-1383(A)(1). An assault occurs when a person "intentionally, knowingly or recklessly caus[es] any physical injury to another person." A.R.S. § 13-1203(A)(1). The offense is aggravated if the defendant knows or has reason to know the victim is a peace officer. A.R.S. § 13-1204(A)(8)(a). And, a person commits resisting arrest by "intentionally preventing or attempting to prevent a person reasonably known to him to be a peace officer, acting under color of such peace officer's official authority, from effecting an arrest by . . . using or threatening to use physical force against the peace officer or another." A.R.S. § 13-2508(A)(1). Based upon the record, sufficient evidence was presented upon which a jury could determine beyond a reasonable doubt Dwyer was guilty of each of these crimes.

¶14        All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Dwyer was represented by counsel at all stages of the proceedings and was present at all critical stages. The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). The record also reflects the jury was advised the State bore the burden of proving the elements of each crime alleged beyond a reasonable doubt. At sentencing, Dwyer was given an opportunity to speak, and the trial court stated on the record the evidence and materials it considered and the factors it found in imposing sentences. Additionally, the sentences imposed were within the statutory limits.[4] *See* A.R.S. §§ 13-703(B), (I), -708(C).

**CONCLUSION**

¶15        Dwyer's convictions and sentences are affirmed. Defense counsel's obligations pertaining to Dwyer's representation in this appeal have ended. Defense counsel need do no more than inform Dwyer of the outcome of this appeal and his future options, unless, upon review, counsel

---

while her license was revoked for a prior DUI, and the other for violating A.R.S. § 28-1381(A)(2) — driving with "an alcohol concentration of 0.08 or more" — while her license was revoked for a prior DUI.

[4]        The sentencing minute entry erroneously states the offenses are non-repetitive, but Dwyer was sentenced as a repetitive offender consistent with the trial court's oral pronouncement. *See State v. Whitney*, 159 Ariz. 476, 487 (1989) ("Oral pronouncement in open court controls over the minute entry.") (citing *State v. Hanson*, 138 Ariz. 296, 304-05 (App. 1983)). Therefore, the sentence was correct.

finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶16**　　　　Dwyer has thirty days from the date of this decision to proceed, if she wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.19(a).　Upon the Court's own motion, we also grant Dwyer thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



**Ruth A. Willingham** · Clerk of the Court
F I L E D : ama