NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ARTHUR REY JUAREZ, *Appellant*.

No. 1 CA-CR 15-0308
FILED 3-17-2016

Appeal from the Superior Court in Maricopa County
No. CR 2013-114721-001
The Honorable Pamela Hearn Svoboda, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Hopkins Law Office, PC, Tucson
By Cedric Martin Hopkins
*Counsel for Appellant*

Arthur Rey Juarez, Florence
*Appellant*

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge John C. Gemmill joined.

D O W N I E, Judge:

¶1        Arthur Rey Juarez appeals his convictions and sentences for three sexual offenses involving a child.  Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), counsel has searched the record, found no arguable question of law, and asked us to review the record for reversible error.  *See State v. Richardson*, 175 Ariz. 336, 339 (App. 1993).  Juarez filed a supplemental brief that we have considered.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

¶2        In 2001, two brothers and their cousin reported to police that they had been molested by their long-time coach and close family friend, Juarez.  Due to police mishandling, there was no follow-through on the case for over a decade.  In 2013, the State filed charges against Juarez.

¶3        A.G., the youngest victim, testified at trial that he occasionally stayed overnight at Juarez's home when he was about 13 years old, and Juarez would sometimes sleep alongside him in the same bed.  On one such occasion, he awakened to Juarez caressing him and trying to pull down his shorts; Juarez stopped after A.G. got up to use the bathroom and returned with his shorts double-knotted.  A.G. described a similar scenario occurring a few months later, when he woke to find Juarez lowering his shorts and caressing his genitals.  Juarez then placed A.G.'s penis in his mouth.

¶4        The older brother, S.G., and the cousin, J.G., also testified that Juarez acted inappropriately when they were young teenagers.  S.G. stated that Juarez grabbed his genitals while they were wrestling and later caressed his testicle while giving him a leg massage after a soccer game.

---

[1]        Juarez's offenses took place sometime between May 1, 1998, and November 27, 2000.  As applicable here, no statute underwent significant changes between 1998 and 2001.  Thus, unless otherwise indicated, any statutory citation is to the 2001 version.

S.G. also testified he once woke up in Juarez's bed to find Juarez caressing his penis. Similarly, J.G. testified that he was asleep on Juarez's couch and awakened to find Juarez caressing his leg and groin.

**¶5** Juarez conceded his relationship with the victims could be considered inappropriate and admitted he found himself in several inappropriate situations with young boys. Juarez agreed that nearly everything occurred as the three boys described, but claimed he did not recall touching any of them in a sexual manner. Juarez testified he suffered from sleep apnea, which caused him to toss and turn, and he would sometimes wake up in different positions or rooms with no memory of moving.

**¶6** The jury found Juarez guilty of three counts involving A.G.: (1) attempt to commit molestation of a child in violation of Arizona Revised Statutes ("A.R.S.") sections 13-1001(A)(2), -1410(A), a class 3 felony; (2) molestation of a child in violation of A.R.S. § 13-1410(A), a class 2 felony; and (3) sexual conduct with a minor in violation of A.R.S. § 13-1405, a class 2 felony.[2] The superior court sentenced Juarez to lifetime probation for count 1, *see* A.R.S. §§ 13-901(A)–(B), -902(E), imprisonment for 15 years for count 2, *see* A.R.S. § 13-604.01(D), (F), and a consecutive 18-year sentence for count 3, *see* A.R.S. § 13-604.01(C), (F), (K). Juarez timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (West 2016), 13-4031 (West 2016), and -4033(A)(1) (West 2016).

## DISCUSSION

**¶7** We have read and considered the briefs submitted by Juarez and his counsel, and we have reviewed the entire record. *See Leon*, 104 Ariz. at 300. We find no reversible error. All of the proceedings were conducted in compliance with the Rules of Criminal Procedure, and the sentences imposed were within the statutory ranges. Juarez was present at all critical phases of the proceedings and was represented by counsel. The jury was properly impaneled and instructed. As described *supra*, the State presented substantial evidence of guilt. *See State v. Burns*, 237 Ariz. 1, 20–21, ¶ 72 (2015) ("Substantial evidence to support a conviction exists when reasonable persons could accept it as adequate and sufficient to support a

---

[2] The State initially charged Juarez with seven counts, but only five were presented to the jury. Before trial, the State moved to dismiss two counts relating to S.G. on statute of limitations grounds. The jury found Juarez not guilty of two counts involving S.G. and J.G. (counts 4 and 5).

conclusion of defendant's guilt beyond a reasonable doubt."); *cf. State v. Clemons*, 110 Ariz. 555, 556–57 (1974) (witness credibility and weight to be given to testimony are determined exclusively by the jury). The record reflects no irregularity in the deliberation process.

**¶8** Next, we briefly address several issues Juarez raises in conclusory fashion in his supplemental brief.

## I. *Batson* Challenge

**¶9** Juarez argues that during jury selection, "Prosecutors removed all minorities as candidates." The record reflects that defense counsel raised a *Batson* challenge when the State moved to strike the only remaining black juror in the venire. *See Batson v. Kentucky*, 476 U.S. 79, 80 (1986) (Equal Protection Clause prevents peremptory strikes based solely upon race). The State responded that it struck that individual because she was a teacher, and "teachers tend to believe that students lie a lot." The prosecutor stated she intended to strike every teacher because, "It is just not a field that I'm crazy about having on a jury on a child case." The superior court accepted the State's explanation and denied the *Batson* challenge.

**¶10** We will affirm the denial of a *Batson* challenge unless it is clearly erroneous. *State v. Newell*, 212 Ariz. 389, 400, ¶ 52 (2006). We give great deference to the trial court's ruling on a *Batson* challenge because the determination hinges largely on being able to assess the prospective jurors, as well as the prosecutor's sincerity and credibility. *See State v. Canez*, 202 Ariz. 133, 147, ¶ 28 (2002). We cannot say here that the State's race-neutral explanation was clearly pretextual. *See State v. Gay*, 214 Ariz. 214, 220, ¶ 17 (App. 2007) (party challenging strike must show the proffered race-neutral explanation is pretextual).

## II. Ineffective Assistance of Counsel

**¶11** Juarez expresses concern that he received ineffective assistance of counsel. However, claims for ineffective assistance of counsel must be brought in proceedings pursuant to Arizona Rule of Criminal Procedure 32. *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002). "Any such claims improvidently raised in a direct appeal . . . will not be addressed by appellate courts regardless of merit." *Id.*

### III.    Other Issues Raised

**¶12**        Juarez's supplemental brief suggests other errors without offering support or context.  For example, the brief asserts without elaboration that:

> In addition, the video interview of myself was not allowed to be played during trial despite numerous requests and arguments to get it played.  For some reason a medical diagnosis of Sleep Apnea was not allowed to be admitted.  School Records of the presumed victim was [sic] not permitted to be obtained either.

**¶13**        It is not this Court's role to develop arguments not clearly made.  We have nonetheless reviewed these issues as we understand them and found no error.[3]    *See State v. Cookus*, 115 Ariz. 99, 104 (1977) ("Fundamental error aside, general allegations without specific contentions or references to the record do not warrant consideration on appeal."). Moreover, Juarez has not explained how he was prejudiced.  *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 20 (2005) (reversal requires a defendant to show both fundamental error and resulting prejudice).

### CONCLUSION

**¶14**        We affirm Juarez's convictions and sentences.  His counsel's obligations of representation in this appeal have ended.  Counsel need do nothing more than inform Juarez of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for

---

[3]        Though the superior court would not admit the entire interview video because it contained hearsay, Juarez was free to play snippets and introduce testimony about non-hearsay content. The jury heard ample testimony that Juarez had been diagnosed with sleep apnea and that he had supporting medical records.  Further, the record establishes that neither the State nor the victims possessed the school records Juarez sought.

submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On this Court's own motion, and if he so desires, Juarez may proceed with an *in propria persona* motion for reconsideration or petition for review within 30 days of this decision.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama