521 P.2d 987

**STATE of Arizona, Appellee,**

v.

**Paul CLEMONS, Appellant.**

**No. 2647.**

Supreme Court of Arizona, In Banc.

April 25, 1974.

Gary K. Nelson, Atty. Gen., Phoenix, William Michael Smith, Yuma County, Atty., by Steven B. Jaynes, Deputy Co. Atty., Yuma, for appellee.

Jeffrey R. Fritz, Yuma, for appellant.

STRUCKMEYER, Justice.

This is an appeal by Paul Clemons from convictions for violation of A.R.S. §§ 36–1002.07, offering to sell marijuana, and 36–1002.06, possession of marijuana for sale. From the judgments of conviction and sentences thereon, he brings this appeal.

About midnight on December 16, 1971, at Yuma, Arizona, the appellant and two others were arrested for attempting to sell 150 kilos of marijuana to a Los Angeles, California police officer. Appellant admitted at his trial that he tried to sell the 150 kilos of marijuana (of the value of $17,500.-00) as charged in the information, but testified to other facts from which he raised the defense of entrapment. The essence of his defense was that he owed $200.00 to a police informer called "Ron" and that Ron demanded $300.00 in repayment, which the appellant did not have. Appellant testified that Ron " * * * came over every day twice a day and pretty soon he brought over a few other people. Like they came right out of Hell's Angels Gang or something and, well, they pushed me around a little bit and Ron even had a knife on him and he said I'd better get the money quick. * * * I didn't have no way to get the money that quick and he gave me—well, he wanted me to go to work for him and he said that he had sellers that he sold to and buyers and everything and he wanted me to take one of his buyers out of town to people he gets marijuana from and do a deal with him."

Appellant argues that the State's case only presented evidence proving facts which the appellant conceded, and that no evidence was introduced to refute his claim that he was coerced into entering into the transaction by the informer, Ron. He urges that there was entrapment as a matter of law because his uncontradicted testimony established that the law enforcement officers or their agent, the informer, supplied the buyer, the seller, the plan, the marijuana, and the purchase money.

We think there are inferences from the State's evidence which tend to refute the testimony that appellant was coerced into selling marijuana. *See, e. g.,* the testimony, *infra,* that appellant traded stolen cars for dope. But, irrespective, we do not think that entrapment was necessarily established by appellant's testimony.

No rule is better established than that the credibility of the witnesses and the

weight and value to be given to their testimony are questions exclusively for the jury. For a few of the most recent cases so holding, *see* State v. Ganster, 102 Ariz. 490, 433 P.2d 620 (1967); State v. Anderson, 102 Ariz. 295, 428 P.2d 572 (1967); State v. Spencer, 101 Ariz. 529, 421 P.2d 886 (1966); State v. Berry, 101 Ariz. 310, 419 P.2d 337 (1966); State v. Valenzuela, 101 Ariz. 230, 418 P.2d 386 (1966); State v. Sneed, 98 Ariz. 264, 403 P.2d 816 (1965); State v. Chavez, 98 Ariz. 236, 403 P.2d 545 (1965); State v. Pearson, 98 Ariz. 133, 402 P.2d 557 (1965).

■ The principle applies equally to the testimony of an accused because, being an interested witness, the jury is not compelled to accept his story or believe his testimony. State v. Sedig, 235 Iowa 609, 16 N.W.2d 247 (1944); Commonwealth v. Cavedon, 301 Mass. 307, 17 N.E.2d 183 (1938); Metz v. State, 127 Tex.Cr.R. 126, 74 S.W.2d 1025 (1934); Boggs v. Commonwealth, 153 Va. 828, 149 S.E. 445 (1929). The jury, in accepting or rejecting the accused's story, has the right to consider the fact that he has a vital interest in the outcome of the trial. State v. Palko, 122 Conn. 529, 191 A. 320 (1937), aff'd Palko v. State, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937); People v. Kalder, 284 Mich. 235, 279 N.W. 493 (1938); State v. Salimone, 19 N.J.Super. 600, 89 A. 2d 56 (1952); People v. Shonka, 3 Utah 2d 124, 279 P.2d 711 (1955).

For example, in People v. Shonka, *supra*, the court said:

"The defendant places reliance upon the fact that her own story as to the purpose of taking the money is the only direct evidence as to intent, * * *

\* \* \* \* \* \*

What the defense argument overlooks is that the jury was not absolutely bound to believe all of the testimony of the defendant. It was their prerogative to give it only such wieght as they thought it entitled to considered in the light of all of the facts and circumstances surrounding the occurrence, including the self-interest of the witness." 3 Utah 2d 124, 127, 279 P.2d 711, 713–714.

■ In the present case, we think it evident the jury did not believe the part of the appellant's testimony that the police informer, Ron, supplied the plan, the marijuana, and the seller and coerced him into committing this crime. This was peculiarly within its province. The jury had the right to disbelieve the whole of appellant's testimony or believe in part and disbelieve in part.

The appellant also urges that the court below erred in admitting evidence of prior unrelated crimes over his timely objection. This came about in the following manner. The principal witness for the State, Sergeant Figelski of the Los Angeles Police Department, was the prospective purchaser of the marijuana which appellant was selling. Sergeant Figelski testified:

"Mr. Clemons advised me that he and his friend steal _ _ _ have stolen several cars from the Hollywood/Los Angeles area and have taken them down to the Yuma, Arizona, area and have taken them across the border where they have either sold or traded them for dope or dynamite. He further stated on one occasion that he took one car, one stolen car across the border and traded it for either a half a pound or a pound of dynamite. * * *"

Appellant argues that this testimony of unrelated prior bad acts was inadmissible. We think, however, that the trial court did not err.

■ Appellant in his opening statement advised the jury that his defense would be entrapment. The clear implication to be drawn from the testimony of Sergeant Figelski is that the appellant had engaged in prior illicit traffic in drugs or other contraband. It bears directly upon his predisposition to commit the crime charged independent of the asserted coercion by the informer, Ron.

"Ordinarily proof of the acts of possession or sale are sufficient to show intent and therefore would exclude evidence of

other crimes. But the defense of entrapment puts the predisposition and criminal intent in issue in a way which makes additional proof of intent necessary. When such condition exists we have held that 'evidence of other offenses of a similar nature committed by the defendant is admissible for the purpose of proving intent.'" State v. Vallejos, 89 Ariz. 76, 80, 358 P.2d 178, 180 (1960).

Here the evidence could assist the jury in determining whether the defendant was to be believed in his story that the State's informer was the instigator of the crime.

Judgments affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.