NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL MOORE, III, *Appellant.*

No. 1 CA-CR 13-0455
FILED 3-27-2014

Appeal from the Superior Court in Maricopa County
No. CR 2012-007105-001
The Honorable Hugh E. Hegyi, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Spencer D. Heffel
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Jon W. Thompson joined.

**D O W N I E,** Judge:

¶1 Michael Moore, III, appeals his conviction for attempt to commit aggravated assault in violation of Arizona Revised Statutes ("A.R.S.") sections 13-1001(A) and -1204(B). Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), defense counsel has searched the record, found no arguable question of law, and asked that we review the record for reversible error. *See State v. Richardson*, 175 Ariz. 336, 339, 857 P.2d 388, 391 (App. 1993). Defendant was given the opportunity to file a supplemental brief *in propria persona*, but he has not done so.

**FACTS AND PROCEDURAL HISTORY**[1]

¶2 Officer Fitch was dispatched to a residence pursuant to a 9-1-1 call. She encountered S.A., who was upset, appeared to have been crying, and had redness around "the entire circle of her neck." S.A.'s three minor children were present. As Officer Fitch was speaking with S.A., Moore interrupted by extending his arms and repeating, "just take me to jail." Officer Fitch asked him to stop and talk, but "he was adamant that he wanted [her] to put him in handcuffs to take him to jail." She cuffed him and placed him in the patrol car.

¶3 When the officer resumed her conversation with S.A., the neck redness had dissipated. Officer Fitch believed that S.A.'s disposition was consistent with an earlier altercation and that her neck could have been red because Moore's "hands were wrapped around it."

¶4 Moore was charged with one count of attempt to commit aggravated assault, a class 5 felony and domestic violence offense. A jury

---

[1] We view the facts "in the light most favorable to sustaining the conviction." *State v. Tison*, 129 Ariz. 546, 552, 633 P.2d 355, 361 (1981).

trial ensued. Officer Fitch, S.A., and two of S.A.'s children testified at trial. S.A. testified that when she arrived home from work, Moore began screaming and yelling at her. She retorted, "Are you fucking kidding me? I just got in the door. Can I get in the door." Moore then "snapped," grabbing her by the throat. She testified that Moore initially used one hand to squeeze her neck but eventually applied his second hand. It was difficult for S.A. to swallow or breathe. S.A. testified that her neck began to bruise after the officer left. S.A.'s children testified similarly.

¶5 Moore denied initiating the argument, testifying that S.A. was upset with him because clothes had not been put away. S.A. reportedly "started screaming" and got into Moore's face. Moore did not back off, but denied hitting, strangling, or choking S.A. When the police officers arrived, Moore said that he put his hands out and "asked them to take [him] to jail." Moore acknowledged that S.A.'s neck was red and later bruised, but stated he was unaware of the cause.

¶6 The jury found Moore guilty. The court placed him on probation and ordered him to serve six months in jail. Moore filed a timely notice of appeal. We have jurisdiction pursuant to A.R.S. §§ 13-4031 and -4033(A)(1).

## DISCUSSION

¶7 We have read and considered the brief submitted by counsel and have reviewed the entire record. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find no reversible error. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Moore was present at all critical phases of the proceedings and was represented by counsel. The jury was properly impaneled and instructed. The jury instructions were consistent with the offense charged. The record reflects no irregularity in the deliberation process.

¶8 The record contains substantial evidence to support the jury's verdict. *See Tison*, 129 Ariz. at 552, 633 P.2d at 361 (in reviewing for sufficiency of evidence, "[t]he test to be applied is whether there is substantial evidence to support a guilty verdict"). "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *State v. Spears*, 184 Ariz. 277, 290, 908 P.2d 1062, 1075 (1996). Substantial evidence "may be either circumstantial or direct." *State v. Henry*, 205 Ariz. 229, 232, ¶ 11, 68 P.3d 455, 458 (App. 2003). We will reverse a conviction "only if 'there is a complete absence of probative facts to support [the jury's]

conclusion.'" *State v. Carlisle*, 198 Ariz. 203, 206, ¶ 11, 8 P.3d 391, 394 (App. 2000).

¶9            An assault occurs when a person knowingly touches another person with the intent to injure. A.R.S. § 13-1203(A)(3). An assault is "aggravated" when: (1) the assailant commits an assault by applying pressure to the victim's throat or neck such that the assailant intentionally or knowingly impedes the victim's normal breathing or blood circulation; and (2) the assailant and the victim either: (a) reside in the same household; or (b) are involved in a romantic or sexual relationship. A.R.S. §§ 13-1204(B), -3601(A)(1), (6). The crime of attempt to commit aggravated assault occurs when the assailant either: (1) intentionally engages in conduct that would have been aggravated assault had the circumstances been those which the assailant believed them to be; or (2) intentionally commits an act which is a step in a course of conduct that the assailant believed would culminate in the commission of aggravated assault. *See* A.R.S. § 13-1001(A)(1), (2).

¶10          Moore and S.A. had been in a romantic relationship and were cohabiting at the time of the incident.  S.A. testified that Moore strangled her, and her children testified that they witnessed Moore strangle S.A.  Moore acknowledged that he and S.A. got "in each other's face," and screamed at each other.  He also admitted that S.A. had a neck injury, though the identity of her assailant was a "mystery" to him. Moore admitted asking Officer Fitch to arrest him and take him to jail.

¶11          Although the jury was presented with conflicting versions of events, it obviously believed the State's evidence.  "No rule is better established than that the credibility of the witnesses and the weight and value to be given to their testimony are questions exclusively for the jury." *State v. Clemons,* 110 Ariz. 555, 556-57, 521 P.2d 987, 988-89 (1974).

**CONCLUSION**

**¶12**        We affirm Moore's conviction and sentence. Counsel's obligations pertaining to Moore's representation in this appeal have ended. Counsel need do nothing more than inform Moore of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). On the court's own motion, Moore shall have 30 days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: MJT