NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

CLYDE RAY ROBINSON, JR., *Appellant*.

No. 1 CA-CR 13-0823
FILED 09-25-2014

Appeal from the Superior Court in Maricopa County
No. CR 2012-112227-001
The Honorable Karen A. Mullins, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Samuel A. Thumma joined.

---

D O W N I E, Judge:

¶1 Clyde Ray Robinson, Jr. appeals his convictions for two counts of sale or transportation of dangerous drugs, class two felonies; one count of marijuana possession, a class six felony; and one count of drug paraphernalia possession, a class six felony, in violation of Arizona Revised Statutes ("A.R.S.") sections 13-3405, -3407, and -3415. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), defense counsel has searched the record, found no arguable question of law, and asked that we review the record for reversible error. *See State v. Richardson*, 175 Ariz. 336, 339, 857 P.2d 388, 391 (App. 1993). Defendant was given the opportunity to file a supplemental brief *in propria persona*, but he has not done so.

### FACTS AND PROCEDURAL HISTORY[1]

¶2 On three separate occasions, Detective Koger called Robinson's phone number and asked to purchase methamphetamine. The detective spoke with a "Clyde" and recognized the same voice during each of the phone calls. During all of the calls, Detective Koger was directed to go to a convenience store where someone would meet him. At the first meeting, someone other than Robinson appeared and made the exchange. At the second and third meetings, Robinson made the exchanges.

¶3 After purchasing drugs on those three occasions, Detective Koger and other officers executed a search warrant on a hotel room registered to Robinson. During the search, officers discovered a substance later confirmed to be marijuana and three scales with white, crystalline residue on them. Officers arrested Robinson, read him his *Miranda* rights, and proceeded to question him. Robinson was not asked about the three specific transactions, but he admitted generally to selling drugs.

---

[1] We view the facts "in the light most favorable to sustaining the conviction." *State v. Tison*, 129 Ariz. 546, 552, 633 P.2d 355, 361 (1981).

¶4 The State charged Robinson with three counts of sale or transportation of dangerous drugs, one count of possession of marijuana, and one count of possession of drug paraphernalia. During the ensuing trial, officers testified to the above facts and the parties stipulated that the substances obtained from the drug transactions and the hotel room were methamphetamine and marijuana, respectively. Robinson testified and admitted owning the phone the detective called, renting the hotel room, and possessing marijuana; he denied selling methamphetamine.

¶5 The jury acquitted Robinson of the first count of sale or transportation of dangerous drugs but convicted him on the remaining counts. The jury found an aggravating factor for counts two and three because Robinson sold the methamphetamine for pecuniary gain. The superior court sentenced Robinson as a category three repetitive offender and imposed concurrent terms of imprisonment for each conviction, the longest of which is 15.75 years.

## DISCUSSION

¶6 We have read and considered the briefs submitted by counsel and have reviewed the entire record. *Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find no reversible error. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentences imposed were within the statutory range. Robinson was present at all critical phases of the proceedings and was represented by counsel. The jury was properly impaneled and instructed. The jury instructions were consistent with the offenses charged. The record reflects no irregularity in the deliberation process.

¶7 "We view the evidence in the light most favorable to sustaining the verdicts and resolve all inferences against appellant." *State v. Nihiser*, 191 Ariz. 199, 201, 953 P.2d 1252, 1254 (App. 1997). The trial record includes substantial evidence to support the jury's verdicts. *See Tison*, 129 Ariz. at 552, 633 P.2d at 361 (In reviewing for sufficiency of evidence, "[t]he test to be applied is whether there is substantial evidence to support a guilty verdict."). "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *State v. Spears*, 184 Ariz. 277, 290, 908 P.2d 1062, 1075 (1996). Substantial evidence "may be either circumstantial or direct." *State v. Henry*, 205 Ariz. 229, 232, ¶ 11, 68 P.3d 455, 458 (App. 2003).

¶8 Counts two and three required the State to prove: (1) Robinson knowingly transported dangerous drugs for sale, imported dangerous drugs into this state for sale, sold dangerous drugs, or transferred dangerous drugs; and (2) the substance was in fact a dangerous drug. A.R.S. § 13-3407. With respect to conduct described by statute, "knowingly" means "that a person is aware or believes that the person's conduct is of that nature or that the circumstance exists," but it does not require knowledge of the unlawfulness of the act. A.R.S. § 13-105(10)(b).

¶9 Detective Koger testified that on two separate dates in February 2012, he called Robinson (at a phone number Robinson agreed was his), Robinson agreed to sell him methamphetamine, and Robinson appeared in person and sold bags containing a white, crystalline substance to the detective for $40. The jury heard a stipulation by the parties that the substances in the bags tested positive for methamphetamine. In accordance with A.R.S. § 13-3401, the jury was instructed that methamphetamine is a dangerous drug.

¶10 Count four required the State to prove Robinson: (1) knowingly possessed or used marijuana; and (2) the substance was in fact marijuana. A.R.S. § 13-3405. Detective Koger testified that he and other officers executed a search warrant on Robinson's hotel room and found a substance resembling marijuana. The jury heard a stipulation that the substance found was indeed marijuana. In his testimony, Robinson admitted possessing marijuana.

¶11 Count five required the State to prove: (1) Robinson used, or possessed with the intent to use, drug paraphernalia to pack, repack, store, contain, or conceal methamphetamine, a dangerous drug; and (2) the item was drug paraphernalia. A.R.S. § 13-3415(A). Drug paraphernalia is defined as all equipment, products, and materials of any kind which are used, intended for use, or designed for use in, *inter alia*, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, or concealing an illegal drug. A.R.S. § 13-3415(F)(2). Detective Koger testified officers found three scales with white, crystalline residue inside Robinson's hotel room. He further testified that, in his experience as a narcotics detective, scales are often used "for weighing out different amounts of illegal drugs."

¶12 Because the State presented evidence supporting each element of the charges, sufficient evidence supports Robinson's convictions. Although Robinson denied selling methamphetamine, "[n]o rule is better established than that the credibility of the witnesses and the

weight and value to be given to their testimony are questions exclusively for the jury." *State v. Clemons*, 110 Ariz. 555, 556-57, 521 P.2d 987, 988-89 (1974).

## CONCLUSION

¶13 We affirm Robinson's convictions and sentences. Counsel's obligations pertaining to Robinson's representation in this appeal have ended. Counsel need do nothing more than inform Robinson of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). On the court's own motion, Robinson shall have thirty days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED : gsh