NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RICHARD FELIX BARRIGA, II, *Appellant.*

No. 1 CA-CR 14-0348
FILED 10-01-2015

Appeal from the Superior Court in Maricopa County
No. CR2009-150342-001
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Terry M. Crist, III
*Counsel for Appellee*

DeBrigida Law Offices, P.L.L.C., Glendale
By Ronald M. DeBrigida, Jr.
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

---

**W I N T H R O P**, Judge:

¶1        Richard Felix Barriga, II ("Appellant") appeals his conviction for intentional or knowing child abuse under circumstances other than those likely to produce death or serious injury.  Appellant argues the trial court erred in denying his motion for a directed verdict[1] because the State presented insufficient evidence that he acted "intentionally or knowingly." For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND[2]

¶2        In October 2010, a grand jury issued an indictment, charging Appellant with intentionally or knowingly causing his infant son, C.B., to suffer physical injury or abuse under circumstances other than those likely to produce death or serious physical injury, a class four felony and domestic violence offense.  *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-3601, -3623(B)(1).[3]  The case proceeded to trial, and at the conclusion of the State's case-in-chief, Appellant moved for a directed verdict.  The trial court denied the motion. Following a seven-day bench trial, the court found Appellant guilty and placed Appellant on probation for a term of three years.   We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A).

## ANALYSIS

¶3        We review *de novo* the denial of a Rule 20 motion.  *State v. Parker*, 231 Ariz. 391, 407, ¶ 69, 296 P.3d 54, 70 (2013).  A judgment of

---

[1]        *See* Ariz. R. Crim. P. ("Rule") 20 ("Judgment of Acquittal").

[2]        In reviewing a claim of insufficiency of the evidence, we view the facts and inferences therefrom in the light most favorable to sustaining the verdict.  *See State v. Girdler,* 138 Ariz. 482, 488, 675 P.2d 1301, 1307 (1983).

[3]        We cite the current version of the statutes because no revisions material to our decision have occurred since the date of the offense.

acquittal is appropriate only when there is no substantial evidence to support the conviction. Ariz. R. Crim. P. 20(a); *State v. Scott*, 177 Ariz. 131, 138, 865 P.2d 792, 799 (1993). Evidence is substantial if it could be accepted by any rational trier of fact as sufficient to support the essential elements of the crime beyond a reasonable doubt. *State v. West*, 226 Ariz. 559, 562, ¶ 16, 250 P.3d 1188, 1191 (2011) (citations omitted).

¶4 To convict Appellant of child abuse under A.R.S. § 13-3623(B)(1), the State was required to prove that, (1) under circumstances other than those likely to produce death or serious physical injury, (2) Appellant intentionally or knowingly (3) caused C.B. to suffer physical injury or abuse. Appellant concedes the State met its burden with regard to parts (1) and (3), but argues the State's evidence as to part (2) is "unsubstantial" because the State presented "no direct evidence that [Appellant] inflicted the injury."

¶5 Appellant's argument that the trial court erred in relying on circumstantial evidence is unavailing. "Both direct and circumstantial evidence should be considered in determining whether substantial evidence supports a conviction." *West*, 226 Ariz. at 562, ¶ 16, 250 P.3d at 1191 (citation omitted). The mere existence of plausible alternatives is insufficient to overturn a trier of fact's findings. *See generally Parker*, 231 Ariz. at 407-08, ¶¶ 70-73, 296 P.3d at 70-71; *West*, 226 Ariz. at 563, ¶ 18, 250 P.3d at 1192. If reasonable minds could disagree as to the inferences that could be drawn from the facts, a directed verdict of acquittal is improper. *West*, 226 Ariz. at 563, ¶ 18, 250 P.3d at 1192 (citations omitted).

¶6 At trial, the State presented the testimony of several witnesses, including C.B.'s treating medical providers, indicating the injuries sustained by C.B. were non-accidental. The State also presented a medical professional who had evaluated C.B. and testified to a degree of medical certainty that C.B.'s injuries were the result of acute "abusive trauma." C.B.'s mother and half-sibling each testified that Appellant had care and custody of C.B. during the time the injuries likely occurred -- the evening when C.B. displayed intense crying, chest popping, and vomiting. In his defense, Appellant argued the testimony provided was inconclusive as to the time the actual injuries occurred, and other potential perpetrators had motive and opportunity to inflict C.B.'s injuries. The court rejected Appellant's defense. *See State v. Clemons*, 110 Ariz. 555, 556-57, 521 P.2d 987, 988-89 (1974) (recognizing it is the trier of fact's exclusive role to weigh the credibility of testimony). Viewing the evidence in the light most favorable to sustaining the verdict, we conclude the State presented substantial evidence to survive a motion for a directed verdict.

**CONCLUSION**

¶7        We affirm Appellant's conviction.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama