NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JACK LEON BLYTHE, *Appellant.*

No. 1 CA-CR 15-0339
FILED 3-31-2016

Appeal from the Superior Court in Mohave County
No. S8015CR201301611
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jillian Francis
*Counsel for Appellee*

The Brewer Law Office, Show Low
By Benjamin M. Brewer
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge John C. Gemmill joined.

---

**D O W N I E**, Judge:

**¶1**        Jack Leon Blythe appeals his convictions and sentences for three counts of child molestation.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**        Blythe was charged with three counts of molestation of a child — class 2 felonies in violation of Arizona Revised Statutes ("A.R.S.") section 13-1410.  The State alleged three separate instances involving sexual contact with A.W., a person under 15 years of age.  At trial, the State introduced evidence that Blythe molested A.W. at a church they both attended, in his vehicle at a shopping center, and in A.W.'s bedroom.  The jury returned guilty verdicts as to each count.  Blythe timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

### DISCUSSION

### I.        "Other Act" Evidence

**¶3**        Blythe contends the trial court erred by allowing the State to introduce "other act evidence" suggesting that he had molested A.W. at church on more than one occasion.  He contends the court did so without first determining the admissibility of such evidence under Arizona Rules of Evidence 404(b) and (c).[1]

---

[1]        Rule 404(b) states that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Rule 404(c) permits "evidence of other crimes, wrongs, or acts" if it is "relevant to show that the defendant had a character trait giving rise to an aberrant

¶4 Because Blythe did not preserve this objection in the trial court, we review only for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). "To prevail under this standard of review, a defendant must establish both that fundamental error exists and that the error in his case caused him prejudice." *Id*. at ¶ 20.

¶5 What Blythe labels "other act evidence" came up during the State's questioning of A.W. as follows:

> Q. Do you remember how many times that happened to you at the church?
>
> A. No.
>
> Q. Do you remember the last time that it happened?
>
> A. Yes.
>
> Q. Tell us about the last time that it happened.
>
> A. It was in a room on the stage.
>
>       . . . .
>
> Q. The classroom that you were in at the church when it happened the last time, does that classroom have -- does it have a regular door like one of the doors that's over here?
>
> A. It has a regular door and like a slide thing.

Additionally, in responding to other questions by the prosecutor, A.W. suggested there were other incidents occurring at the church when Blythe would take her "into his office . . . or he would take [her] somewhere into — on the stage," she would "get on the floor," and Blythe would "get on top of [her] and go up and down."

---

sexual propensity to commit the offense charged." Before a court admits prior act evidence, it must find "clear and convincing proof both as to the commission of the other bad act and that the defendant committed the act." *State v. Anthony*, 218 Ariz. 439, 444, ¶ 33 (2008). It must also find that: (1) the prior act is offered for a proper purpose; (2) the act is relevant to prove that purpose; and (3) the probative value of admitting the evidence is not outweighed by the potential for unfair prejudice. *Id*.

**¶6** A.W.'s testimony — considered in its entirety — is fairly construed as conveying to jurors that Blythe committed other acts of molestation at the church. Indeed, in her final closing argument, the prosecutor stated as much, telling the jury:

> [A.W.] testified that this thing happened to her more times than what the State charged, and of course there's an instruction that says that you're not to consider that for the charges itself but to decide whether or not . . . there's intent, whether or not there was opportunity and things like that.
>
> But it also explains why [A.W.] may not remember each time it happened the particulars of each time, at least on the stage or in the back room of the classroom or on the stage. She testified it happened more times than just the time that she was caught – or that [Blythe] was caught by [A.W.'s brother].
>
> So the fact that she doesn't remember specifically certain details about that specific time doesn't meant that she's being inconsistent.

**¶7** The trial court should have conducted an admissibility analysis under Rules 404(b) and (c). Its failure to do so, though, does not end our inquiry. Because Blythe neither raised Rule 404 nor objected to the testimony or closing argument, we review only for fundamental error. "Fundamental error is error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *State v. Ruggiero,* 211 Ariz. 262, 268, ¶ 25 (App. 2005).

**¶8** "Arizona has long recognized that testimony about prior bad acts does not necessarily provide grounds for reversal." *State v. Jones,* 197 Ariz. 290, 305, ¶ 34 (2000). One relevant consideration is whether the jury received a limiting instruction. *Id.* Here, the trial court instructed jurors as follows:

> Evidence of other acts has been presented. You may consider these acts only if you find that the State has proved by clear and convincing evidence that the defendant committed these acts. You may only consider these acts to establish the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident. You must not consider these acts to determine

the defendant's character or character trait, or to determine that the defendant acted in conformity with the defendant's character or character trait and therefore committed the charged offense.

**¶9**          This instruction — highlighted by the prosecutor in her closing argument — made clear that jurors could consider uncharged acts occurring at the church only if the State proved by clear and convincing evidence that Blythe committed those acts — something the State made no attempt to do. In the absence of any reason to conclude otherwise, we presume that jurors followed their instructions. *See State v. Velazquez*, 216 Ariz. 300, 312, ¶ 50 (2007). More fundamentally, Blythe has not established that the brief and vague references to other incidents occurring at the church constitute error going to the foundation of the case, removing a right essential to his defense — especially where he was charged with, and found guilty of, multiple acts of molestation that *had* been charged. *See, e.g., State v. Cruz*, 218 Ariz. 149, 166, ¶ 102 (2008) (defendant "failed to show that the snippet of [other act] testimony rendered his trial fundamentally unfair").

**¶10**          Under these circumstances, we conclude that although A.W. should not have been permitted to testify about the other acts without a Rule 404 analysis, such error was not fundamental.

## II.     Rule 20 Motion

**¶11**          Blythe next argues the trial court applied an incorrect legal standard in denying his motion for judgment of acquittal. Alternatively, he contends, the case should not have been submitted to the jury. We disagree with both contentions.

**¶12**          We review the denial of a Rule 20 motion *de novo*. *State v. Parker*, 231 Ariz. 391, 407, ¶ 69 (2013). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at ¶ 70 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

**¶13**          In denying Blythe's motion, the trial court did not precisely track the words of Rule 20. Fairly read, however, the court's comments made clear that it understood the relevant inquiry to be whether reasonable minds could differ about Blythe's guilt based on the State's evidence. *See, e.g., State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011) (substantial evidence is "such proof that reasonable persons could accept as adequate

and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt"). And the State in fact presented substantial evidence of guilt. Although Blythe stresses that A.W. required prompting before relaying information to an investigator and was, at times, inconsistent in her statements, those were factors for the jury to weigh in assessing her credibility. *See State v. Clemons*, 110 Ariz. 555, 556–57 (1974) ("No rule is better established than that the credibility of the witnesses and the weight and value to be given to their testimony are questions exclusively for the jury."). Considering the evidence in the light most favorable to the State, jurors could reasonably conclude that Blythe was guilty of the charged offenses.

## CONCLUSION

¶14         We affirm Blythe's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama