NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

OVID D. BLACKWELL, *Appellant.*

No. 1 CA-CR 15-0503
FILED 8-16-2016

Appeal from the Superior Court in Maricopa County
No. CR 2013-430194-001
The Honorable Danielle J. Viola, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry Reid
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Donn Kessler joined.

---

D O W N I E, Judge:

¶1    Ovid D. Blackwell appeals his convictions and sentences for misconduct involving weapons, armed robbery, and aggravated assault. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel has searched the record, found no arguable question of law, and asked this Court to review the record for reversible error. *See State v. Richardson*, 175 Ariz. 336, 339 (App. 1993). Blackwell was given an opportunity to submit a supplemental brief, but he did not do so. For the following reasons, we affirm Blackwell's convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

¶2    Blackwell was indicted as follows for offenses stemming from a Circle K convenience store robbery: count 1 — armed robbery, a class 2 dangerous felony; count 2 — misconduct involving weapons, a class 4 felony; count 3 — misconduct involving weapons, a class 4 felony; and count 4 — aggravated assault, a class 3 dangerous felony.

¶3    After a nine-day trial, a jury found Blackwell guilty of counts 1, 2, and 4 as charged in the indictment.[1] The jury thereafter considered the State's allegations of dangerousness and aggravators. As to the armed robbery and aggravated assault offenses, the jury found one aggravating circumstance: threatened infliction of serious physical injury. Jurors further found that the State had proven the allegation of dangerousness as to the armed robbery and aggravated assault offenses.

---

[1]    At Blackwell's request, the trial court severed count 3, and it was not presented to the jury. At trial, count 4 of the indictment was presented as count 3. After trial, Blackwell entered into a plea agreement whereby he pleaded guilty to the original count 3: misconduct involving weapons, a class 4 felony.

**¶4**        The trial court sentenced Blackwell to the following concurrent terms of imprisonment: count 1 — 9 years; count 2 — 2 years; count 3 — 2 years; and count 4 — 6.5 years.  He received 445 days of presentence incarceration credit.  After the trial court authorized a delayed appeal pursuant to Arizona Rule of Criminal Procedure 32.1(f), Blackwell timely appealed to this Court.

## DISCUSSION

**¶5**        We have read and considered the brief submitted by defense counsel, as well as the entire record.  *See Leon*, 104 Ariz. at 300.  We find no reversible error.  All of the proceedings were conducted in compliance with the Rules of Criminal Procedure, and the sentences imposed were within the statutory ranges.  Blackwell was present at all critical phases of the proceedings and was represented by counsel.  The jury was properly impaneled and instructed.  The record suggests no irregularity in the deliberation process.

**¶6**        Before trial, Blackwell moved to suppress Circle K clerk J.B.'s out-of-court identification of him and to preclude J.B. from identifying him in court.  The trial court conducted an evidentiary hearing pursuant to *State v. Dessureault*, 104 Ariz. 380 (1969), and subsequently denied Blackwell's motion, stating:

> Even if the show up were unduly suggestive, under the totality of the circumstances, the identification was otherwise reliable and, thus, admissible.  The witness had an excellent opportunity to observe the suspect at the time of the crime. The witness had been warned of a possible problem before the suspect entered the Circle K, so the witness was on alert and focused. The witness got a very good view of the suspect during the crime as they were facing each other in "really good" lighting.  The witness' original description of the suspect was accurate, except for the suspect's shirt and the absence of a doo rag (both of which could have been removed). While the witness initially said he <u>thought</u> that the man at the show up was the robber, he then said that he was <u>certain</u> the suspect was the robber.  And, although there was no evidence as to the exact amount of time between the crime and the identification, both happened the same night.

The record supports the ruling regarding J.B.'s pretrial identification. And after that identification, J.B. suffered head trauma in a car accident and was unable to identify Blackwell at trial.

¶7 The State presented substantial evidence of guilt as to the three charges submitted to the jury.[2] *See State v. Burns*, 237 Ariz. 1, 20-21, ¶ 72 (2015) ("Substantial evidence to support a conviction exists when reasonable persons could accept it as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt."). At trial, J.B. recalled "being robbed" and remembered a silver handgun being pointed at him and a man taking money. Additionally, the State played J.B.'s 9-1-1 call for the jury. J.B. told the 9-1-1 operator that he had just been robbed and described the suspect. J.B. advised that the man had a sawed-off shotgun and had stolen cigarettes, money from the cash register, and lottery tickets, which he placed in a black bag.

¶8 W.D., a frequent customer of the convenience store, also testified at trial. He described seeing a man wearing a striped shirt and light colored "dew rag" standing outside the store with a backpack. W.D. went inside the store, and when he left, the man was still outside. W.D. left, but testified that "something just told me not really to walk that far off." When he returned to the store, the man was no longer outside. W.D. looked inside and "saw the clerk with his hands up and he was shaking." W.D. saw another man with "the same light colored dew rag." W.D. flagged down a firetruck. W.D. did not identify Blackwell at trial, testifying that the lighting was "[n]ot really that great for me."

¶9 Wayne Perch was one of the firefighters W.D. flagged down. He testified that he saw a man wearing a red and white shirt and darker pants exit the Circle K with a bag or backpack. The man pulled a bicycle out of a nearby dumpster and rode off.

¶10 Police helicopter pilot Scott Hopkins received a call about an armed robbery. He located a man on a bicycle who generally matched the description provided. The man had a black bag or backpack. Officer Hopkins lost sight of the bicycle when it passed under a tree; when he saw it again, the man no longer had the bag. The man rode the bicycle into a garage. After ground units arrived, he fled. Officers gave chase, and the man — Blackwell — was taken into custody. Officers retrieved the black

---

[2] Blackwell may not appeal the misconduct involving weapons conviction that was the subject of his plea agreement. *See* Ariz. R. Crim. P. 17.1(e). We therefore do not address that offense.

backpack from the location described by the air unit; it contained cash, cigarettes, lottery tickets, and a sawed-off shotgun.

¶11 The State also introduced video surveillance footage of the robbery. Although Blackwell testified at trial and denied robbing the store, "[n]o rule is better established than that the credibility of the witnesses and the weight and value to be given to their testimony are questions exclusively for the jury." *State v. Clemons*, 110 Ariz. 555, 556–57 (1974).

**CONCLUSION**

¶12 We affirm Blackwell's convictions and sentences. Defense counsel's obligations in this appeal have ended. Counsel need do nothing more than inform Blackwell of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On this Court's own motion, and if he so desires, Blackwell may proceed with an *in propria persona* motion for reconsideration or petition for review within 30 days of this decision.



Amy M. Wood • Clerk of the court
FILED: AA