NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAVID WILLIAM ROBERTSON, *Appellant.*

No. 1 CA-CR 19-0611
FILED 8-6-2020

Appeal from the Superior Court in Maricopa County
No. CR2019-107508-001
The Honorable Monica S. Garfinkel, Commissioner

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Brown & Little PLC, Chandler
By Matthew O. Brown
*Counsel for Appellant*

David William Robertson, Florence
*Appellant*

_____

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

_____

**B A I L E Y**, Judge:

¶1        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969).  Counsel for defendant David William Robertson has advised the court that, after searching the entire record, he is unable to discover any arguable questions of law and filed a brief requesting this court conduct an *Anders* review of the record.  Robertson was given the opportunity to file a supplemental brief pro se, and has done so.  This court has reviewed the briefs and the record, and finds no reversible error.  Accordingly, we affirm Robertson's conviction and resulting sentence.

**FACTS AND PROCEDURAL HISTORY**

¶2        On February 14, 2019, two Phoenix police officers, Officer Ferrante and Officer Haley, responded to a call from a gas station.  Officer Ferrante approached Robertson because he matched the description of the subject given in the call.  Officer Ferrante detained and searched Robertson.  During the search, Officer Ferrante found a clear bag containing a crystal substance in Robertson's jacket pocket and a bandana containing a glass pipe in the front waistband of Robertson's pants.  Robertson told Officer Haley that a box containing methamphetamine was inside his vehicle.  Officer Haley inspected the box and discovered three plastic bags of a crystal substance.  Both officers believed the crystal substances found on Robertson's person and in his vehicle was methamphetamine.

¶3        Officer Ferrante placed Robertson in a police patrol vehicle and read Robertson his *Miranda* rights.  Robertson indicated that he drove a friend to a rehab facility earlier that day and the methamphetamine and paraphernalia belonged to the friend.  Robertson told Officer Haley he intended to destroy the methamphetamine.  During the investigation, Officer Haley spoke with the only witness at the scene, Mr. Fagurski, and then assisted Officer Ferrante with Robertson's arrest and the search of Robertson's vehicle.  Robertson was arrested and charged with one count of possession or use of a dangerous drug, a Class 4 felony, and a second

count of possession or use of drug paraphernalia, a Class 6 felony. Ariz. Rev. Stat. (A.R.S.) §§ 13-3407(A)(1), -3415(A) (2020).

¶4 At a two-day jury trial in August 2018, Officers Ferrante and Haley and a forensic scientist from the Phoenix Police Department Crime Laboratory testified in the State's case in chief. The defense did not present any witness testimony. The jury returned guilty verdicts on both counts. At sentencing, the State proved Robertson has four historical prior felony convictions. Additionally, the court considered that Robertson was convicted of committing four felonies and two misdemeanors while on release in this case. *See* CR-2019-115873-001.

¶5 The court sentenced Robertson as a category three offender. A.R.S. § 13-703(J). Robertson was sentenced to presumptive prison terms of 10 years for count one and 3.75 years for count two, with 210 days of presentence incarceration credit, to run concurrently with the sentences imposed in CR 2019-115873-001. A.R.S. § 13-703(J).

¶6 This court has jurisdiction over Robertson's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

**DISCUSSION**

¶7 The court has reviewed and considered counsels' brief and Robertson's pro per supplemental brief. The court has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1990) (providing guidelines for briefs when counsel has determined no arguable issues to appeal). Searching the record and reviewing the briefs reveals no reversible error. The record shows Robertson was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The sentence imposed was within the statutory limit. Counsel did not raise any issues on appeal. Robertson's supplemental brief raises only one issue related to a typographical error in Officer Haley's police report.

¶8 Robertson argues the trial court should have dismissed the case because Officer Haley wrote the name of a different person in the report. In the initial police report, Officer Haley wrote, "*Fagurski* admitted to having a blue box that contained methamphetamine. . ." which identified Fagurski as the individual in possession of the drugs and paraphernalia, not Robertson. We review this issue as a sufficiency of the evidence challenge.

¶9        The issue of whether the evidence supports the verdict is a question of law, which we review de novo. *See State v. Borquez*, 232 Ariz. 484, 487 ¶ 9 (App. 2013). This court reviews the evidence presented at trial to determine if there is substantial evidence to support the verdict and whether a reasonable jury could have reached the verdict. *See State v. Shroud*, 209 Ariz. 410, 411–12, ¶ 6 (2005). "Substantial evidence is more than a mere scintilla" and provides proof so a reasonable person could assess the evidence and reach a conclusion that supports a finding of guilt beyond a reasonable doubt. *See State v. Mathers*, 165 Ariz. 64, 67 (1990).

¶10       We view the evidence in the light most favorable to sustaining the verdict. *See Borquez*, 232 Ariz. at 487, ¶ 9. A verdict can only be set aside if the conclusion cannot be reasonably drawn from the evidence presented at trial. *See id.* (quoting *State v. Arredondo*, 155 Ariz. 314, 316 (1987)). We do not "reweigh the evidence to decide if [we] would reach the same conclusion as the trier of fact." *See State v. Barger*, 167 Ariz. 563, 568 (1990). The trier of fact determines the sufficiency of evidence presented and the reliability of the witnesses' testimony regarding the typographical error in the police report. *See State v. Lehr*, 201 Ariz. 509, 517 (2002); *see also State v. Clemons*, 110 Ariz. 555, 556–57 (1974) ("No rule is better established than that the credibility of the witnesses and the weight and value to be given to their testimony are questions exclusively for the jury.").

¶11       During direct examination, the State asked Officer Haley to explain why he wrote "Fagurski" instead of "Robertson" in his initial police report. Officer Haley admitted he made a typographical error and intended to write "Robertson," not "Fagurski". Officer Haley testified that he recognized the error and later correctly identified Robertson in his full report. Defense counsel cross-examined Officer Haley about the error. Officer Haley reiterated that it was a typographical mistake. At trial, both Officer Ferrante and Officer Haley identified Robertson, as the person who possessed the methamphetamines and drug paraphernalia.

¶12       Both officers testified that Mr. Fagurski was a witness identified at the gas station. Officer Haley spoke with Mr. Fagurski before approaching Robertson and searching Robertson's vehicle. After being advised of his *Miranda* rights, Robertson told Officer Haley the drugs were not his, but belonged to a friend. Robertson never disclosed the identity of the friend.

¶13       Based on the testimony from both officers, a jury could reasonably conclude Officer Haley made a typographical error in the report, and intended to write Robertson's name instead. Additionally, a

jury could reasonably conclude that Robertson possessed the methamphetamines and drug paraphernalia found on his person and in his vehicle at the time of his arrest. We find the verdict is based on substantial evidence and the jury reached a reasonable verdict based on the evidence and testimony presented at trial.

## CONCLUSION

¶14 This court has read and considered the briefs and has searched the record for reversible error. *Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537, ¶ 30. From the court's review, the record reveals no reversible error. Accordingly, we affirm Robertson's convictions and resulting sentences.

¶15 Upon filing of this decision, defense counsel is directed to inform Robertson of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Robertson shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA