NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JESSICA RAE BURGER, *Appellant.*

No. 1 CA-CR 21-0139
FILED 3-3-2022

Appeal from the Superior Court in Maricopa County
No. CR2018-006934-002
The Honorable Katherine M. Cooper, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Brian Coffman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Dawnese Hustad
*Counsel for Appellant*

-----

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Peter B. Swann joined.

-----

**W I L L I A M S**, Judge:

¶1        Jessica Rae Burger appeals her convictions and sentences for third-degree burglary, taking the identity of another, and two counts of theft of a credit card. For reasons that follow, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        In October 2017, three credit cards, along with other items, were stolen from a Paradise Valley home when it was burglarized. Police traced the transactions of the stolen credit cards and reviewed surveillance video from multiple stores where the credit cards were used. The surveillance videos showed Burger as one of the individuals using the credit cards the same day they were stolen.

¶3        In February 2018, a vehicle parked in a Paradise Valley church parking lot was broken into and several items were stolen, including the victim's purse and two credit cards. The victim was away from her vehicle for just under an hour beginning shortly before 10:00 a.m.

¶4        Police traced transactions of the two stolen credit cards from the vehicle burglary to purchases made at different stores that same day. Surveillance videos from a Walmart in Scottsdale showed Burger, her boyfriend ("J.C."), and another individual arrive at the Walmart parking lot in a large white SUV. The SUV was registered to Burger and J.C. All three individuals entered the store together, J.C. made a purchase using one of the stolen credit cards at 10:42 a.m., Burger also made two purchases with the other stolen credit card, and all three later left together. Burger made another purchase that day at a Walgreens in Phoenix using one of the stolen credit cards. Using license plate readers, police determined Burger's SUV was in Paradise Valley around the time the vehicle burglary occurred.

¶5        In August 2018, police arrested and interviewed Burger. After being shown screenshots from the surveillance videos, Burger confirmed it was her, J.C., and another friend shown in the screenshots. When asked about the vehicle burglary and the two stolen credit cards, Burger claimed

the credit cards belonged to her former roommate's mother and that she had permission to use them. Police found Burger's explanation implausible based on the timeframe of the burglary, the time and location where Burger claimed to have been given the credit cards, and the timing and location of the fraudulent transactions.

¶6        The State charged Burger with six felony counts related to the October 2017 home burglary (Counts 1 through 6), and another five felony counts related to the February 2018 vehicle burglary, including third-degree burglary (Count 7), taking the identity of another (Count 8), and three counts of theft of a credit card (Counts 9 through 11). As to each count, the State charged Burger, in the alternative, as an accomplice. At the State's request, the superior court later dismissed Counts 6 and 11 without prejudice.

¶7        Following a five-day trial, a jury acquitted Burger of Count 1 but found her guilty as charged on all remaining counts. Burger timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶8        Burger does not challenge her convictions related to the 2017 home burglary. Instead, she only challenges her convictions for Counts 7, 8, 9, and 10 related to the vehicle burglary, arguing insufficient evidence supports her convictions.[1]

¶9        We review de novo the sufficiency of evidence to support a conviction and determine only "if substantial evidence exists to support the jury verdict." *State v. Pena*, 235 Ariz. 277, 279, ¶ 5 (2014). "Substantial evidence is evidence that 'reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt.'" *State v. Hausner*, 230 Ariz. 60, 75, ¶ 50 (2012) (quoting *State v. Hughes*, 189 Ariz. 62, 73 (1997)). We will not reweigh the evidence or evaluate the credibility of witnesses. *See State v. Cid*, 181 Ariz. 496, 500 (App. 1995).

### I.    Third-Degree Burglary (Count 7)

¶10        A person commits burglary in the third degree by "entering or remaining unlawfully in or on a nonresidential structure or in a fenced commercial or residential yard with the intent to commit any theft or any

---

[1] Burger's opening brief also raised Count 11, but that count was dismissed before trial.

felony therein." A.R.S. § 13-1506(A)(1); *see also* A.R.S. § 13-1501(2) (defining "enter or remain unlawfully"); A.R.S. § 13-105(10)(a) (defining "with the intent to"). Here, the nonresidential structure was the vehicle in the Paradise Valley church parking lot.

**¶11** A person is criminally liable for the conduct of another if the person is an "accomplice" in the commission of the offense, including "any offense that is a natural and probable or reasonably foreseeable consequence of the offense for which the person was an accomplice." A.R.S. § 13-303(A)(3). An "accomplice" is a person "who with the intent to promote or facilitate the commission of an offense . . . [a]ids, counsels, agrees to aid or attempts to aid another person in planning or committing an offense [or] [p]rovides means or opportunity to another person to commit the offense." A.R.S. § 13-301(2)–(3).

**¶12** Criminal intent is generally shown by circumstantial evidence because it reflects a defendant's "state of mind," *see State v. Bearup*, 221 Ariz. 163, 167, ¶ 16 (2009) (quoting *State v. Routhier*, 137 Ariz. 90, 99 (1983)), and we do not distinguish "between the probative value of direct and circumstantial evidence" in ascertaining the defendant's state of mind, *see State v. Bible*, 175 Ariz. 549, 560 n.1 (1993). "In reviewing the evidence, we must draw all reasonable inferences that support the verdict." *State v. Fulminante*, 193 Ariz. 485, 494, ¶ 27 (1999); *see also State v. Noriega*, 187 Ariz. 282, 286 (App. 1996) (providing that evidence of a defendant's mental state must typically be inferred from the "behaviors and other circumstances surrounding the event").

**¶13** The trial evidence here is as follows: One February 2018 morning, between 10:00 a.m. and 11:00 a.m., a vehicle was burglarized in Paradise Valley and two of the victim's credit cards were stolen. At 9:49 a.m., Burger's SUV was only a few miles from that location. Burger arrived with J.C. and another individual at a Walmart parking lot in Scottsdale, and at 10:42 a.m. J.C. used one of the stolen credit cards. At 10:55 a.m., and then again at 11:11 a.m., Burger used the other stolen credit card at Walmart. The three individuals later left Walmart together. Burger also used one of the stolen credit cards the same day at a Walgreens in Phoenix.

**¶14** From this trial evidence, the jury could reasonably infer that Burger burglarized the vehicle herself or was an accomplice to the burglary. *See Noriega*, 187 Ariz. at 286. Sufficient evidence supports Burger's conviction for third-degree burglary.

II. *Taking the Identity of Another (Count 8) and Theft of a Credit Card (Counts 9 and 10)*

¶15        A person takes the identity of another if the person "knowingly takes, purchases, manufactures, records, possesses or uses any personal identifying information or entity identifying information of another person or entity . . . without the consent of that other person or entity, with the intent to obtain or use the other person's or entity's identity for any unlawful purpose or to cause loss to a person or entity." A.R.S. § 13-2008(A).

¶16        A person commits theft of a credit card if the person "[c]ontrols a credit card without the cardholder's or issuer's consent through conduct prescribed in § 13-1802 or 13-1804," such as by controlling property of another "with the intent to deprive the other person of such property" or "knowing or having reason to know that the property was stolen." A.R.S. §§ 13-2102(A)(1), -1802(A)(1), (5).

¶17        Here, substantial evidence supports the jury verdicts as to Counts 8, 9, and 10. Trial evidence showed Burger possessed both stolen credit cards without the victim's permission, used one credit card at Walmart to make two purchases, and made another purchase at Walgreens with the other credit card. *See* A.R.S. §§ 13-2102(A)(1), -1802(A)(1), (5). Though Burger offered a different account of how she came to possess the credit cards – stating the credit cards belonged to a former roommate's mother who authorized Burger to use them as a repayment for an old debt – the jury was not obligated to believe Burger's story, which they clearly did not. *See State v. Clemons*, 110 Ariz. 555, 556-57 (1974). On this record, Burger has shown no error.

**CONCLUSION**

¶18        For the foregoing reasons, we affirm Burger's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:    AA