529 P.2d 217

**STATE of Arizona, Appellee,**

v.

**Nicholas Michael PIECK, II, Appellant.**

**No. 2873.**

Supreme Court of Arizona,
In Banc.

Dec. 17, 1974.

Rehearing Denied Jan. 14, 1975.

N. Warner Lee, Atty. Gen., Gary K. Nelson, Former Atty. Gen. by Michael C. Anderson, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Justice.

Appellant, Nicholas Michael Pieck II, was indicted for and convicted of the murders in the first degree of Manuel and Mary Salado and the theft of their automobile. From the judgments and sentences thereon, he appeals.

Before trial, appellant was examined pursuant to A.R.S. § 13–1621 as to his competency to stand trial. That statute provides for appointment of two impartial medical experts to make the examination and that their reports shall be available to the court and to counsel. However, any information obtained from a defendant cannot be used against him at any trial in which guilt or innocence is to be determined unless he consents thereto.

Appellant complains that contrary to the statute on two occasions on cross-examination of appellant, the prosecuting attorney asked questions concerning certain factual matters which appeared only in the medical reports of the two doctors. Appellant did not, however, object when the questions were asked. Failure to object to improper questions constitutes a waiver and is not grounds for reversal on appeal. State v. Endreson, 109 Ariz. 117, 506 P.2d 248 (1973). We therefore hold that provisions of the statute were waived.

Appellant urges that the psychiatric reports should not have been made available to the prosecution at all, because this violated his Fifth Amendment rights. Since appellant failed to interpose an objection at the trial level on this ground and the testimony complained of is not in any event fundamentally prejudicial, we think it unnecessary to pass on the question raised.

The appellant next complains of a lack of due process of law. The circumstances upon which he bases this complaint are that after submitting the case to the jury, arguments were made on certain motions solely for the trial record and in the absence of the trial judge. We do not, however, consider that the failure of the trial judge to hear appellant's arguments requires a reversal, although we condemn the practice. While it is true that due process requires the opportunity to be heard, appellant had the opportunity to present the same arguments on his motion for new trial, and, therefore, the opportunity to fully apprise the trial judge of the grounds upon which his motions were based. Moreover, appellant has not raised on appeal any of the matters assertedly argued out of the presence of the judge. The failure to assign these matters as error in this Court is indicative of the frivo-

lous nature of the complaint in this Court and an obvious abandonment of the claim of error.

Appellant complains of the failure of the court on its own motion to order a competency examination before sentencing. As stated, defendant was examined before trial as to his mental competency. Both examining doctors concluded that the appellant was not suffering from any mental illness or defect. Both felt that appellant was not suffering from a sociopathic or psychopathic personality disorder, and the court found that appellant was legally sane, able to understand the nature of the charges against him and to assist counsel in his own defense.

■ Appellant's complaint of error is predicated on the fact that after the trial a psychological evaluation of appellant was made by Frank Chelese, a Ph.D. He expressed the opinion that he "suspected" appellant had a sociopathic personality. We do not consider that the opinion of Frank Chelese, Ph.D., required the trial judge on his own motion to order another psychiatric examination before sentencing. No assertion is made that a sociopathic personality is a mental illness which diminishes an individual's ability to understand the proceedings against him and to assist in his own defense.

The appellant questions whether there was sufficient evidence to uphold his conviction for theft of a motor vehicle. Appellant was a student at the Devry Institute in Phoenix, where he met the Salados. He had been residing with them about two weeks prior to their murder. He was in possession of their automobile when arrested at his mother's home in California. He testified at the trial that he borrowed the Salados' automobile and drove to California, and that he was planning to return with it to Arizona at the time of his arrest. He now argues that there is no evidence that he intended to permanently deprive the owner of the automobile.

■ The credibility of a witness and the weight and value to be given a witness' testimony are questions exclusively for the jury. This principle applies equally to the testimony of an accused. The jury is not compelled to accept the story or believe the testimony of an interested party. State v. Clemons, 110 Ariz. 555, 521 P.2d 987 (1974). It was within the province of the jury to determine whether from all the facts and circumstances in the case appellant took the automobile with the intent to permanently deprive the owner thereof.

Finally, appellant argues that the record does not clearly establish the two life sentences imposed by the court below were to be served consecutively. It appears that the trial judge first sentenced appellant to a life sentence on Count I of the indictment. This count charged the murder of Manuel Salado. He then sentenced appellant to a life sentence on Count II, the murder of Mary Ellen Salado, saying, "Sentences in Count I and II to begin upon completion of Count I." The trial judge then imposed a sentence of not less than four nor more than five years for Count III, theft of a motor vehicle, concluding with this language: " * * * the sentence in Count III to run concurrently with sentences in Count I and Count II. All sentences shall begin as of April 26, 1973."

■ The Clerk's minute entry did not conform with the judge's pronouncement in open court. It provided in its pertinent part:

" * * * as to Count II for the rest of your natural life; this sentence shall begin upon completion of the sentence in Count I; as to Count III for not less than four nor more than five years and this sentence shall begin as of April 26, 1973 and run concurrently with the sentence in Count I."

Because of the ambiguities in the judge's pronouncements and the difference between the pronouncements and the Clerk's entry, we think it appropriate to exercise the authority vested in this Court by A.R.S. § 12–2103, and direct that the sentences be set aside and that appellant is sentenced

on Count I for the murder of Manuel Salado to imprisonment for the rest of his natural life, and on Count II for the murder of Mary Ellen Salado to imprisonment for the rest of his natural life, and on Count III for not less than four nor more than five years, all sentences to run concurrently and to begin as of April 26, 1973.

The judgment of conviction and sentences as herein modified are affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.