NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JOHN EDWARD DAVIS, *Appellant.*

No. 1 CA-CR 14-0217
FILED 12-16-2014

---

Appeal from the Superior Court in Maricopa County
No.  CR2013-435428-001
The Honorable Carolyn K. Passamonte, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Michael J. Brown joined.

---

**J O N E S**, Judge:

¶1        John Edward Davis appeals his conviction and sentence for one count of misconduct involving weapons, a class four felony. After searching the record on appeal, Davis's defense counsel has identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), defense counsel asks this Court to search the record for fundamental error. Davis was afforded the opportunity to file a supplemental brief *in propria persona*, which he elected not to do. After reviewing the record, we find no error, and therefore affirm Davis's conviction and sentence.

**FACTS[1] AND PROCEDURAL HISTORY**

¶2        Just after midnight on July 28, 2013, a law enforcement officer observed a white truck with an object hanging from its rear view mirror that extended all the way down to the dashboard. Based on this obstruction, the officer activated his lights and siren to initiate a traffic stop. The driver did not stop immediately, but wound his way through a mall parking lot before finally pulling over — a sign to the officer that the occupants were trying to hide something. When the officer made contact, he asked Davis, the driver, if he had a gun. Davis answered in the affirmative, and motioned with his head toward the center of the vehicle.

¶3        At the officer's request, Davis exited the vehicle, and admitted he did not have a driver's license or identification card. He was then placed under arrest for failure to provide evidence of identity, in violation of

---

[1]        "We view the evidence and all reasonable inferences therefrom in the light most favorable to sustaining the jury's verdict[]." *State v. Miles*, 211 Ariz. 475, 476, ¶ 2, 123 P.3d 669, 670 (App. 2005).

Arizona Revised Statutes (A.R.S.) section 28-1595(B).[2]  After being advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), Davis reiterated he knew the gun was in the vehicle.

**¶4**        Once aware of Davis's prior felony record, the State indicted him on one count of misconduct involving weapons, i.e., knowingly possessing a deadly weapon while being a prohibited possessor, in violation of A.R.S. § 13-3102(A)(4).[3]

**¶5**        At trial, officers testified the handgun was on the seat between Davis and his girlfriend, who was a passenger in the vehicle when the traffic stop occurred, and within Davis's reach.  The State also presented evidence that the handgun was operable as a deadly weapon.

**¶6**        Davis testified on his own behalf.  He explained the handgun belonged to his girlfriend, whom he knew regularly carried a gun, but the first time he saw it was when she removed it from her purse during the traffic stop.  Davis also admitted having three prior felony convictions, knowing the handgun was in the vehicle, and knowing he was not permitted to be "around weapons."  Davis's girlfriend did not testify at trial.

**¶7**        Before the case was submitted to the jury, Davis's counsel made an unsuccessful Rule 20 motion, arguing there was insufficient evidence to establish Davis had constructive possession of the handgun. The jury then found Davis guilty of misconduct involving weapons, and he was sentenced to a mitigated term of 7.5 years' imprisonment.

## DISCUSSION

**¶8**        After reviewing the entire record for reversible error, we find none.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.  The jury's verdict was supported by the evidence.  The evidence established Davis was the driver of the vehicle, he knew the handgun was in the vehicle, the handgun was within his reach, and control of the weapon was not claimed by anyone else.

---

[2]        Absent material changes after the relevant date, we cite a statute's current version.

[3]        Davis was also charged with one count of driving on a suspended license, which was dismissed prior to trial.

Although Davis argued he did not exercise control over the gun, the jury was free to disregard his otherwise unsupported and self-serving testimony. *State v. Pieck*, 111 Ariz. 318, 320, 529 P.2d 217, 219 (1974) ("The jury is not compelled to accept the story or believe the testimony of an interested party.") (citing *State v. Clemons*, 110 Ariz. 555, 557, 521 P.2d 987, 989 (1974)). This is especially true in light of the officer's testimony that a delay in responding to an officer's signal to stop is indicative of a driver trying to hide something, and Davis's girlfriend apparently not claiming ownership or control of the handgun during the stop. From these facts, the jury could reasonably conclude that Davis knowingly exercised dominion or control over the handgun, and committed the offense of misconduct with a weapon. *See, e.g.*, *State v. Cox*, 217 Ariz. 353, 357, ¶ 27, 174 P.3d 265, 269 (2007) (finding sufficient evidence of dominion or control where guns were found in the trunk of the vehicle the defendant owned and was driving, and the defendant acknowledged the presence of the guns).

**¶9** All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Davis was represented by counsel at all stages of the proceedings and was present at all critical stages. The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). At sentencing, Davis was given an opportunity to speak, and the trial court stated on the record the evidence and materials it considered and the factors it found in imposing sentence. Additionally, the sentence imposed was within the statutory limits.

## CONCLUSION

**¶10** Davis's conviction and sentence are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Davis's representation in this appeal have ended. Defense counsel need do no more than inform Davis of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

**¶11** Davis has thirty days from the date of this decision to proceed, if he wishes, with an *in propia persona* petition for review. *See* Ariz. R. Crim.

P. 31.19(a). Upon the Court's own motion, we also grant Davis thirty days from the date of this decision to file an *in propia persona* motion for reconsideration.



**Ruth A. Willingham · Clerk of the Court**
F I L E D : gsh