NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

TAUKIHAAMEA TUIONE PULOTU,
*Appellant*.

No. 1 CA-CR 15-0491
FILED 03-22-2016

Appeal from the Superior Court in Maricopa County
No.  CR2014-103527-001
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kenton D. Jones joined.

---

**O R O Z C O**, Judge:

¶1      Taukihaamea Tuione Pulotu appeals his conviction for one count of possession or use of marijuana, a class 1 misdemeanor. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2      In July 2013, Officer Mary O'Neill of the Chandler Police Department arrested Pulotu after a traffic stop in Chandler. Following the arrest, officers searched Pulotu and found several personal items, including a wallet. Inside the wallet, Officer O'Neill discovered Pulotu's credit cards, some cash and a plastic bag containing a green leafy substance that Pulotu confirmed as being marijuana.

¶3      Pulotu was charged with one count of possession or use of marijuana, a class 6 felony. At trial, Officer O'Neill testified that Pulotu confirmed during an interview that he knew the marijuana was in his wallet. Pulotu told her that he took the marijuana from a youth at his church, intending to dispose of it, but he had forgotten to discard it. Pulotu testified he did not know what it was and thought the baggie was empty. Pulotu further testified that he forgot about the baggie and did not throw it away. Pulotu denied ever admitting to an officer that the baggie contained marijuana.

¶4      The trial court did not find Pulotu's testimony credible and found Pulotu guilty of possession of marijuana in an amount less than two pounds, a class 1 misdemeanor. The trial court suspended Pulotu's sentence and imposed two years' probation and a $1,200 fine. Pulotu timely appealed and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 12 120.21.A.1, 13-4031 and -4033.A.1 (West 2016).[1]

---

[1]      We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

## DISCUSSION

¶5          On appeal, Pulotu asserts that the trial court erred because the State did not present sufficient evidence proving he knowingly possessed marijuana beyond a reasonable doubt. A conviction must be based on "substantial evidence." *See* Ariz. R. Crim. P. 20.a; *State v. Mathers*, 165 Ariz. 64, 67 (1990). Whether evidence is sufficient to sustain a verdict is a question of law that we review de novo. *See State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). "The question is whether there was sufficient evidence so that a rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Reinhardt*, 190 Ariz. 579, 588 (1997). On appeal, we view the evidence in the "light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *Id.* at 588-89. "We do not consider if we would reach the same conclusion as the trier-of-fact, but only if there is a complete absence of probative facts to support its conclusion." *State v. Carlisle*, 198 Ariz. 203, 206 (App. 2000) (internal punctuation and citation omitted).

¶6          Pulotu argues that "there was no substantial evidence that [he] knowingly possessed marijuana on or about July 26, 2013." Under A.R.S. § 13-3405.A.1, "[a] person shall not knowingly [p]ossess or use marijuana." "'Knowingly' means, with respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware or believes that the person's conduct is of that nature or that the circumstance exists." A.R.S. § 13-105.10(b). "'Possess' means knowingly to have physical possession or otherwise to exercise dominion or control over property." A.R.S. § 13-105.34.

¶7          Pulotu argues that because he testified he had forgotten about the marijuana in his wallet, the only evidence showing he had knowing possession of the marijuana illustrated he knowingly possessed it at the time he received the baggie at church. And because no evidence established that the church was within the jurisdiction of the court, Pulotu asserts that there was "no substantial evidence that [he] knowingly possessed the baggie while within the jurisdiction of the court." Instead, Pulotu argues "[a]ll of the evidence at trial supported [his] claim that he had forgotten about the baggie being in his wallet by the time of his arrest in Chandler." We disagree.

¶8          Sufficient evidence supported the trial court's verdict. Officer O'Neill testified that she found the marijuana in Pulotu's possession in a wallet with his credit cards and that during an interview, Pulotu acknowledged his possession of the marijuana. Even though Pulotu

testified that he forgot about the marijuana in his wallet, the trial court did not find his testimony credible. *See State v. Pieck*, 111 Ariz. 318, 320 (1974) (acknowledging that the fact-finder "is not compelled to accept the story or believe the testimony of an interested party").

¶9        We also disagree with Pulotu's argument that insufficient evidence established the location of the church—where Pulotu acquired the marijuana—within the jurisdiction of the Chandler police. The statute proscribes the knowing possession of marijuana irrespective of where a person takes control of the contraband. *See* A.R.S. § 13-3405.A. Therefore, it is only relevant that Pulotu possessed the marijuana at the time of his arrest in Chandler. Because we resolve all reasonable inferences against Pulotu, *see Reinhardt*, 190 Ariz. at 588-89, there was sufficient evidence that he knowingly possessed the marijuana at the time of his arrest.

## CONCLUSION

¶10        For the foregoing reasons, we affirm the trial court's verdict.



Ruth A. Willingham · Clerk of the Court
FILED: RT