NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

PEDRO RAMOS, JR.,
*Appellant*.

No. 1 CA-CR 17-0648
FILED 8-2-2018

Appeal from the Superior Court in Maricopa County
No.  CR2015-155447-001
The Honorable Virginia L. Richter, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Elizabeth B.N. Garcia
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Paul J. McMurdie joined.

---

**J O H N S E N**, Judge:

¶1        Pedro Ramos, Jr. appeals his conviction of attempted custodial interference. Ramos argues insufficient evidence supported his conviction and that the superior court committed fundamental error by failing to instruct the jury on mistake of fact. For the reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Two women took a friend's three-year-old daughter to the mall with the friend's permission. As they were leaving the mall, Ramos approached, addessed the girl using the name of his own six-year-old daughter, and offered her a toy. One of the women told Ramos the girl was not his daughter and gave him the girl's real name and age.

¶3        Ramos, however, was insistent that the girl was his daughter and demanded to see if she was missing teeth and whether she had a particular birthmark. Alarmed by Ramos's behavior, the other woman pulled the girl close. Ramos then tried to yank the girl from the woman's embrace, grabbing for her and touching her arm. The first woman pushed him away and told him "not to touch her." Undeterred, Ramos responded by grabbing both of the girl's arms to try to pull her away. Once again, the first woman pushed Ramos back, but he grabbed the girl's arm again. When the women refused to let the girl go, Ramos told them he was going to call the police and warned he would follow them if they left before police arrived because they had his daughter. Instead, one of the women called 9-1-1, and after police arrived, they arrested Ramos.

¶4        A grand jury indicted Ramos on two counts of kidnapping, both Class 2 felonies, and one count of attempted custodial interference, a Class 4 felony. At the close of the State's case-in-chief, Ramos moved for judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20. After the superior court denied the motion, the jury acquitted Ramos of the two kidnapping charges but found him guilty of attempted custodial

interference pursuant to Arizona Revised Statutes ("A.R.S.") sections 13-1001(A)(1) (2018) and -1302(A)(1) (2018).[1] The superior court sentenced him to 4.5 years' incarceration.

**¶5** Ramos was granted leave to file a delayed notice of appeal and did so. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) (2018), 13-4031 (2018) and -4033(A)(1) (2018).

## DISCUSSION

**¶6** Ramos argues the evidence was insufficient to support the conviction. He also argues the court erred by not *sua sponte* instructing the jury that a mistaken belief about a matter of fact may negate the *mens rea* required to prove attempted custodial interference.

### A. Sufficiency of the Evidence.

**¶7** Under Rule 20(a)(1), the superior court "must enter a judgment of acquittal . . . if there is no substantial evidence to support a conviction." We review a court's denial of a Rule 20 motion *de novo*, viewing the evidence "in a light most favorable to sustaining the verdict." *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011) (quoting *State v. Bible*, 175 Ariz. 549, 595 (1993)). The question is whether, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *West*, 226 Ariz. at 562, ¶ 16 (quoting *State v. Mathers*, 165 Ariz. 64, 66 (1990)).

**¶8** "Substantial evidence is more than a mere scintilla and is such proof that 'reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" *Mathers*, 165 Ariz. at 67 (quoting *State v. Jones*, 125 Ariz. 417, 419 (1980)). The substantial evidence supporting a conviction may be circumstantial or direct, *State v. Mosley*, 119 Ariz. 393, 402 (1978), and the State need not negate every conceivable theory of innocence when circumstantial evidence alone supports the conviction, *State v. Blevins*, 128 Ariz. 64, 67 (App. 1981). We review the court's interpretation of statutes *de novo*. *State v. Pena*, 235 Ariz. 277, 279, ¶ 5 (2014).

**¶9** As relevant here, a person commits custodial interference when, "knowing or having reason to know that the person has no legal right

---

[1] Absent material revision after the relevant date, we cite a statute's current version.

to do so, the person . . . [t]akes . . . from lawful custody any child . . . who is entrusted by authority of law to the custody of another person." A.R.S. § 13-1302(A)(1). "A person commits attempt if, acting with the kind of culpability otherwise required for commission of an offense, such person . . . [i]ntentionally engages in conduct which would constitute an offense." A.R.S. § 13-1001(A)(1). "'Knowingly' means, with respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware or believes that the person's conduct is of that nature or that the circumstance exists." A.R.S. § 13-105(10)(b) (2018).

¶10 Ramos argues the State failed to prove he knowingly interfered with custody of the girl because the evidence plainly showed he mistakenly believed she was his daughter. But § 13-1302(A)(1) did not require proof Ramos knew the girl was not his daughter; Ramos could be convicted upon proof he had "reason to know" that he had no legal right to take the girl. The State offered substantial evidence to support the conclusion that the girl was not his daughter. The child at the mall was three years old and his daughter, whom he had not seen for three years, was six. In addition, the women told him they knew the girl's parents and that she was not his daughter. Further, Ramos's conduct upon encountering the girl in the mall suggested he was not certain the girl was his daughter. He asked to see whether the girl was missing some teeth that she had lost the last time he saw her, and also asked to see whether she bore a distinctive birthmark. If he were certain the girl was his daughter, he would not have needed to confirm her identity. And, although Ramos testified he believed the girl was his daughter, the jury was not obliged to accept his testimony. *See State v. Pieck*, 111 Ariz. 318, 320 (1974).

¶11 Further, even if Ramos had no doubt that the girl was his daughter and had no reason to know otherwise, substantial evidence showed that he knew or had reason to know that he lacked legal authority to take the girl from the women at the mall. Ramos admitted that his former wife had sole legal decision-making authority over his daughter and acknowledged that she could have given the women permission to take his daughter to the mall.

¶12 In sum, sufficient evidence shows that Ramos knew or had reason to know that the girl was not his daughter, and even if she were his daughter, that he lacked a legal right to take her from the women at the mall. Because sufficient evidence supports Ramos's conviction, the superior court did not err in denying his Rule 20 motion.

## B.    Failure to Instruct Jury About Mistake of Fact.

**¶13**        Ramos also argues the superior court committed fundamental error by failing to *sua sponte* instruct the jury that a mistaken belief that the girl was his daughter would negate the *mens rea* required for the crime. "To prevail under [the fundamental error] standard of review, a defendant must establish both that fundamental error exists and that the error in his case caused him prejudice." *State v. Henderson*, 210 Ariz. 561, 567, ¶ 20 (2005). Fundamental error is that which "goes to the foundation of [the] case, takes away a right that is essential to [the] defense, and is of such magnitude that [the defendant] could not have received a fair trial." *Id.* at 568, ¶ 24. The defendant also must show that, absent the error, a reasonable jury could have reached a different result. *See id.* at 569, ¶ 27.

**¶14**        No error, fundamental or otherwise, occurred when the court failed to *sua sponte* instruct the jury concerning mistake of fact. As stated above, under § 13-1302(A)(1), the State was not required to prove Ramos knew the girl was not his daughter or that he knew he lacked a legal right to take her; regardless of what Ramos believed, he could be convicted if he had "reason to know" that he had no legal right to take the girl. For that reason, the instruction Ramos argues the court should have given would have incorrectly stated the law.

## CONCLUSION

**¶15**        Because substantial evidence supports the jury's verdict and the superior court did not err by failing to instruct the jury about mistake of fact, we affirm Ramos's conviction and sentence.

